IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHILLIP ALLISON, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| CLARK & SCHWENK ) | |
| RESTAURANT GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Phillip Allison, by and through undersigned counsel, and files this his Complaint for Damages against Defendant Clark & Schwenk Restaurant Group, Inc., ("Defendant") stating as follows:

1

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful retaliation against him in violation of Title VII of the Civil Rights Act of 1964, as amended, and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is an African American citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Errol Dwight Samuels, at 2799 Lawrenceville Hwy, Ste. 202, Decatur, GA, 30033.

**ADMINISTRATIVE PREREQUISITES**

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging retaliation in violation of Title VII of the Civil Rights of 1964, as amended. Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue" on September 1, 2022, entitling an action to be commenced within ninety (90) days of receipt of said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

8.

Plaintiff began his employment with Defendant, on or about June 2021, as a server.

9.

Plaintiff is African American/Black, i.e., Plaintiff is a member of a protected class.

10.

Defendant employed a Latino bartender, "Mikey."

11.

During Plaintiff's employment with Defendant, Mikey repeatedly and habitually used the "n-word."

12.

Defendant's management was aware of and witnessed Mikey's use of the n-word.

13.

For example, on December 31, 2021, Mikey repeatedly said the n-word in Plaintiff's presence and in the presence of another African American employee.

14.

Upon hearing Mikey use the "n-word," Plaintiff's African American coworker became incensed, and the two began to argue.

15.

The conflict between Mikey and Plaintiff's African American coworker escalated to the point where a manager, Alexis, had to separate the two men from fighting.

16.

Upon information and belief, Mikey did not receive any reprimand following the incident referenced in paragraphs 13-15 from management.

17.

On or about April 10, 2022, Mikey began using the n-word in Plaintiff's presence once again.

18.

Plaintiff repeatedly told Mikey to please stop using the n-word.

19.

Plaintiff told Mikey "No one should be using that word in a work environment."

20.

Mike responded to Plaintiff's comments referenced in paragraph 19 by stating, "I can say that word and you aren't going to do anything about it."

21.

Mikey continued to use the n-word in an aggressive manner Plaintiff.

22.

Plaintiff grew distressed, and complained to his manager, Bobby Ranger, about Mikey's use of the n-word. Ranger responded by stating it breaks his heart when he gets a complaint like this.

23.

Plaintiff was then permitted to leave for the rest of the day.

24.

When Plaintiff returned to work, Defendant terminated Plaintiff's employment.

25.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation, in response to Plaintiff's protected activity.

## CLAIM FOR RELIEF

## COUNT I

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

26.

Plaintiff realleges and incorporates paragraphs 1-26 as if set forth fully herein.

27.

Plaintiff is African American. Plaintiff had an employment agreement with Defendants within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

28.

Plaintiff performed his contractual obligations.

29.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

30.

Plaintiff is a member of a protected class; he is African American.

31.

Plaintiff's complaints and opposition to the racist conduct of his coworker constitute protected activity under 42 U.S.C. § 1981.

32.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

33.

There was a causal connection between the protected conduct and the adverse action of termination.

34.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

35.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

36.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II

## TITLE VII RETALIATION

37.

Plaintiff realleges and incorporates paragraphs 1-26 as if set forth fully herein.

38.

Plaintiff is a member of a protected class, i.e., he is African American.

39.

Title VII prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

40.

Plaintiff's complaints and opposition to, inter alia, racist conduct constitute protected activity under Title VII.

41.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

42.

There was a causal connection between the protected conduct and the adverse actions of termination and reduction in work hours.

43.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

44.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

45.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorneys' fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

Respectfully submitted, this 29th day of November, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com